■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. SALVATORE PICCAR-ILLO, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County, entered March 28, 1978, which granted petitioner a new final parole revocation hearing. Appeal dismissed as moot, without costs or disbursements. In the light of our determination in *People ex rel. Piccarillo v New York State Bd. of Parole* (64 AD2d 642), the issues raised herein are moot. Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. SALVATORE PICCAR-ILLO, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.— In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Kings County, entered December 12, 1977, which dismissed the petition on condition that a final hearing be scheduled by the Board of Parole within a specified time period. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole under the conditions heretofore in effect. Petitioner, who was serving three concurrent sentences, was released on parole on January 12, 1977. On May 22, 1977 he was arrested by a police officer for possession of amphetamine pills and was subsequently indicted for a misdemeanor. At a preliminary hearing conducted on July 1, 1977, probable cause to revoke parole was found and, on August 31, 1977, parole was revoked based on a finding that petitioner had "failed to lead a law abiding life in that on 5/22/77 your behavior was such as to constitute an act of Crim[inal] Poss[ession of a] Controlled Substance, Possession of 595 alleged amphetemine *[sic]* pills." The search of petitioner's car by the police officer, which led to the discovery of the pills, had been illegally conducted, however, and on October 21, 1977 petitioner's motion to suppress the evidence in the pending criminal matter was granted. Petitioner then initiated this habeas corpus proceeding, claiming that the Board of Parole could not consider the suppressed evidence in determining whether to revoke his parole. The relief sought was denied and the petition was dismissed. This was error. The Board of Parole could not consider evidence obtained in violation of petitioner's Fourth Amendment rights. As noted in *Matter of Finn's Liq. Shop v State Liq. Auth.* (24 NY2d 647, 653): "To the extent that the State, or its agents, can bypass the deterrent effect of the exclusionary rule by using the fruits of an illegal search in a 'civil' or 'administrative' proceeding, the incentive for enforcement and investigative personnel to exceed constitutional limitations on their activity remains and the effectiveness of the rule as a deterrent is diminished." The deterrent effect of the exclusionary rule would be seriously diluted if a parolee could be deprived of his freedom by the use of illegally seized evidence. Accordingly, it was error to dismiss the petition. Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.